## LAFFERTY v. BEALE.

September 19, 1835.

*Motion for judgment quod partitio fiat.*

Where a defendant has appeared to a summons in partition, the plaintiff having filed no declaration, the court will not render judgment *quod partitio fiat*.

The plaintiff must file a declaration, and the defendant has a right, by pleading, to raise an issue in law or in fact, for the determination of the court or of a jury, according to the nature of the issue.

THIS was a summons in partition.   The writ was duly served, and so returned.   The defendant appeared.   The plaintiff had not filed a declaration.

*F. W. Hubbell,* for plaintiff, moved for a judgment *quod partitio fiat,* under the act of the 7th of April 1807, sect. 1, which provides, that, "*upon appearance of the parties,* or on default being made, *the court shall proceed to examine the plaintiff's title* and quantity of his part or purpart, and accordingly as they shall find his right or purpart to be, they *shall give judgment,*" &c.   He contended that this clause vested in the court the power to proceed as is done in chancery.

*J. H. Campbell, contra.*

PER CURIAM.—The act has been construed differently.   It is in amendment of the common law practice on writs of partition. That practice remains, except so far as it has been altered by acts of assembly.   The second section provides, that upon application by a defendant, against whom judgment by default shall have been given, and cause shown within one year after finding judgment, the court may suspend or set aside their judgment, and admit *the party to appear and plead,* and the cause shall proceed *in due course of law,* that is, upon the plea, according to the course of the action at common law.   Here the defendant has appeared, and insists upon his right to proceed in that way.   There is quite as much reason that he should be allowed this course before default, as after default.   The plaintiff insists upon a literal construction of the act.   But even in that view,

the words of the act are satisfied when the court proceeds to examine the title upon a declaration and plea filed, and an issue in fact or in law taken. The plaintiff's construction might deprive the defendant of a trial by jury.

Motion dismissed.